### Mrs. Elizabeth A. Walker v. Mrs. Effie Nix et al.

Decided June 15, 1901.

**Deed—Delivery—Intent of Grantor.**

. To show delivery of a deed it is necessary not only that it should appear that the instrument had been placed in the control of the grantee, but that the grantor intended it should become operative as a conveyance; and a charge to the jury, as to what would constitute a delivery, pretremitting the question of such intention, was erroneous.

Appeal from Lamar. Tried below before Hon. E. S. Chambers.

*J. C. Hodges,* for appellant.

*Allen & Dohoney,* for appellees.

BOOKHOUT, Associate Justice.—This suit was brought in the District Court of Lamar County by plaintiffs, Mrs. Effie Nix, joined pro forma by her husband, Edward Nix, against defendant, Mrs. Elizabeth A. Walker, to remove cloud upon title to sixty-eight acres of land.

The petition alleges that on November ——, 1897, defendant executed and delivered to plaintiff, Effie Nix (then Effie Walker) and H. E. Walker a certain deed of gift to the sixty-eight acres in controversy, and that said deed had been lost or destroyed before record, and that the legal title appeared of record in defendant, and prayed for removal of said cloud, and for general and special relief.

Defendant answered by general demurrer, general denial, plea of not guilty, and specially that defendant signed and acknowledged an instrument purporting on its face to be a deed to said grantees reserving to herself a life estate in said lands, but that she never delivered same, and kept possession of same, intending it to be a will, and that it should be delivered to said grantees on her death; that she burnt said instrument on —— day of April, 1900. Also, that plaintiffs' claim to said land was a cloud on her title, and she prayed for general and special relief in all of said pleas, and that she be quieted in her possession. Plaintiffs, by way of supplemental petition, pleaded general demurrer, special exceptions and general denial. A trial resulted in a judgment for plaintiffs for the land, but with life estate reserved to defendant. Defendant prosecuted an appeal.

The only controverted question which we deem it necessary to discuss is whether there was a delivery of the deed executed by Mrs. Elizabeth E. Walker to Effie Nix, nee Walker, and her brother H. E. Walker. Upon the question of delivery the court instructed the jury as follows: "To constitute a delivery it is not necessary that the deed should be placed in the grantee's hands but it is necessary that it should be and was put into the control of the grantees, and that the grantees accepted the same,—that would be a delivery. If you believe from the evidence

that the defendant placed said deed or instrument in a trunk in the house where she and Effie Nix had access to, and told Effie Nix that she could get said deed or instrument at any time she desired, and have it recorded if she wanted to, then that would be a delivery."

This charge is assigned as error. Whether or not the placing of the deed in a trunk to which the grantee had access in the house in which she was then living, and the grantor telling her that she could get the same and have it recorded whenever she wished to, would constitute a delivery of the deed, depends upon the intention of the grantor at that time. If she intended to surrender control over the deed and place the same in the possession and control of Effie Nix, then there was a delivery. The charge assumed that, if she performed the acts and made the statements therein set out, she intended thereby to deliver the deed. This inference does not necessarily follow. The jury might have reached the conclusion that she did not intend to deliver the deed. The question should have been left to the jury. It was necessary that the deed should not only have been placed in the control of the grantee, but that the grantor intended that it should become operative as a conveyance. Steffian v. Bank, 69 Texas, 517; Gonzales v. Adoue, 94 Texas, —, 58 S. W. Rep., 951; McCartney v. McCartney, 94 Texas, —, 55 S. W. Rep., 311; Griffis v. Payne, 47 S. W. Rep., 973, 22 Texas Civ. App., 319; Veal v. Fortson, 57 Texas, 488; 5 Am. and Eng. Enc. of Law, 1 ed., 445 et seq.; 1 Dev. on Deeds, 223, 225-228, 231, 252, 253, 263, 285.

We conclude there was error in the charge, and that for such error the judgment must be reversed.

*Reversed and remanded.*