### MANN v. WRIGHT et ux. (No. 2427.) *

(Court of Civil Appeals of Texas. Amarillo. Feb. 18, 1925. Rehearing Denied Feb. 25, 1925.)

1. Mortgages ⬅➡39—Whether deed was intended as mortgage held for jury.

Whether deed was intended as mortgage or absolute conveyance *held* for jury.

2. Appeal and error ⬅➡1001(1)—New trial ⬅➡70—Jury's finding, supported by evidence, binding on trial and appellate courts.

Jury's finding, supported by evidence, that deed was not intended merely as security for payment of debt, is binding on trial and appellate courts.

3. Estoppel ⬅➡22(2) — Grantor registering deed, reciting discharge of debt thereby, precluded from asserting it is only mortgage.

Grantor registering deed, expressly reciting discharge of debt thereby, is precluded from asserting that it is only a mortgage.

4. Appeal and error ⬅➡854(2)—Judgment correctly disposing of case on wrong theory affirmed.

Judgment correctly disposing of case on wrong theory must be affirmed.

5. Mortgages ⬅➡37(2)—Parol evidence inadmissible to show that grantor executed and recorded unambiguous deed, reciting contractual consideration, with intent that it operate as mortgage.

Parol evidence *held* inadmissible to show that unambiguous deed, reciting discharge of debt, lien of deed of trust, and assumption of delinquent taxes, as consideration, was executed and recorded by grantor with intent that it operate only as mortgage, it being court's duty to construe such deed.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Ed. F. Mann against L. B. Wright and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Vickers & Campbell, of Lubbock, for appellant.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellees.

RANDOLPH, J. Ed. F. Mann, as plaintiff, brought this suit in the district court of Lubbock county, against L. B. Wright and his wife, Mrs. Pauline Wright, as defendants. Judgment was rendered in the trial court in favor of defendants, and plaintiff has appealed to this court.

The plaintiff, in addition to his formal action of trespass to try title, alleged that he had made, executed, and delivered a deed to defendant L. B. Wright, conveying to said Wright the lots in controversy in this suit, which deed he, plaintiff, had had recorded in the records of Lubbock county, and, after the instrument was recorded, he resumed possession thereof; that said deed was not intended as a conveyance, but was only intended as security for the payment of a debt owed by plaintiff to defendant L. B. Wright, and that such was the agreement between them; that Wright thereafter, for the consideration of love and affection, conveyed the lots to Mrs. Wright. Plaintiff further pleaded that there was no delivery of this instrument, which pleading was verified, and also tendered into court the amount which he claimed he was indebted to Wright, and prayed for the cancellation of the deed, and for the recovery of the land.

Defendants filed their answer containing general denial, and specially denying that there had ever been an agreement that the deed was to be a mortgage or security for a debt, or that it was other than what it purports to be on its face. Defendants also specially pleaded that—

"the agreement between the parties was in writing, and that any and all verbal agreements in connection therewith were merged therein, and that all agreements contrary thereto are void and not binding upon the defendants or either of them under the statutes of fraud in full force and effect in this state."

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 15, 1925.

By cross-action, defendants also brought suit in trespass to try title to recover the title and possession of the property in controversy.

The evidence ·introduced by plaintiff included a deed of trust from Mann to George C. Wolffarth, trustee, conveying the lots in controversy to secure the payment of a note signed by Mann, payable to the order of L. B. Wright, for the sum of $281, dated June 2, 1919, due August 1, 1919; also a warranty deed from Ed. F. Mann to L. B. Wright, dated February 17, 1922, conveying to said Wright the lots in controversy, which deed was duly recorded in the deed records of Lubbock county, Tex. The consideration recited in said deed is as follows: "The sum of three hundred fifty and no/100 ($350) dollars to me cash paid by L. B. Wright, as follows: And the cancellation and release of one deed of trust note in the sum of $281, dated June 22, 1919, due six months after date, with interest thereon from date, given by Ed. F. Mann to L. B. Wright, secured by deed of trust on the hereinafter described lots of land, and the further consideration of the payment of delinquent taxes on the hereinafter described land." Also a deed from L. B. Wright to his wife, Mrs. Pauline Wright, conveying to her the property in controversy. Plaintiff's other evidence discloses that L. B. Wright, at the time and prior to the time of the giving of the above-described note, was in the hardware, implement, and furniture business in Lubbock; that plaintiff owed Wright an account which he was unable to pay, and gave Wright his note for $281 in settlement of said account, and executed and delivered said deed of trust to secure the payment of the note. In the matter of the execution of the deed the plaintiff testifies that he met Wright in a Hotel in Dallas, and that Wright asked plaintiff if he had received a letter from him, Wright, relative to the debt he owed Wright, and that if plaintiff did not take up the note, that he was going to take steps to foreclose his trust lien. To which plaintiff testifies that he replied: "I don't want you to do that; if you will agree that you will hold this deed for me until I can sell sufficient lots to pay, or pay you out of something else I have in mind, I'll make you a deed to these lots." To which Wright replied, "All right." That he then came on home, and later, in about ten days, made the deed and took it over to the courthouse and had it recorded.

Defendant Wright testifies that there never was any agreement that the lots should be deeded to him only as security for his note, but testifies that the conveyance of the lots to him was in full payment of the debt. The note given by Mann to Wright was lost after it was put in the bank, and there was never any release of the deed of trust lien, except that contained in the recitals in the deed above quoted. It appears from the evidence that Wright did not know that Mann had complied with his promise to deed the lots to him—he having moved from Lubbock to Eastland county—until about six months after it was done, when he returned from Eastland county to Lubbock. Upon Mann telling him he had executed the deed, Wright went over the the courthouse and verified the fact, and finding it true, he testifies that he asked Mann for the deed, and that Mann told him that he had mailed it to him.

The court submitted the case to the jury upon one issue, and upon a special charge requested by plaintiff as follows, to wit:

"Gentlemen of the jury: This case is submitted to you upon the following special issues, which you will answer as you may find. Special issue No. 1. At the time the deed from Mann to Wright was executed, was it intended and understood by the parties thereto that said deed should ·operate merely to secure the note in question? Answer 'Yes' or 'No.' The burden of proof is upon the plaintiff to establish the affirmative of the above special issue. You are the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given to their testimony. After the argument of counsel, you will retire, select one of your number foreman, and consider of your verdict, and as you find, so say, and write your verdict on a separate piece of paper.

"Clark M. Mullican, Judge Presiding.

"You are instructed that in arriving at the intention of and understanding of the plaintiff and the defendant L. B. Wright, as to whether the deed of February 17, 1922, was a mere security for the debt of $281 and interest accrued and to accrue thereon, or an absolute conveyance of the title and possession, you shall determine such intention and understanding from the circumstances surrounding the execution of the deed before and at the time of its execution, and the conduct of the parties thereafter; and in this connection you are further instructed that the secret intention of the defendant L. B. Wright, if any, that said deed would be claimed by him as an absolute conveyance will not be the test for you to determine whether such instrument was·an absolute conveyance or mere security for his debt due by plaintiff to him, and vice versa, neither will the secret intention of the plaintiff Ed. F. Mann, if any, that such instrument would be claimed by him as mere security for the debt he was owing the defendant be the test to determine whether such conveyance was a mere security for a debt or an absolute conveyance."

The contentions of appellant that the deed was intended by him to operate only as security for the debt at the time he had it registered, and that the finding of the jury that it was understood and agreed between the parties thereto that the instrument should be a conveyance and not a mere mortgage, is contrary to the pleadings and the law applicable thereto, and is without support in either; that the undisputed testimony showed that

Mann never intended it to operate as a deed of conveyance, or at least, this was an issue of fact as to Mann's intention, and that the trial court should have (1) instructed a verdict for the plaintiff; or (2) should have submitted to the jury the intention of Mann in executing and recording the deed, in order to determine whether or not there had been a delivery of the deed.

[1, 2] There can be no question, from the reading of the evidence in the case, a brief statement of which is made above, that there was abundant evidence to support the trial court in refusing to instruct a verdict. The jury having found that it was not the intention of the parties that such instrument should operate only as security for the payment of the debt, and there being evidence to support such finding, such finding was binding on the trial court, and on this court, upon that issue. The evidence shows that Mann promised Wright to make him a deed to the lots, and Mann testifying that it was to operate as a mortgage, and Wright testifying that it was an absolute conveyance, the jury's answer is conclusive.

Whether or not there was a delivery of the deed was not in any form submitted to the jury. The evidence establishes these facts: That Mann, when he met Wright in Dallas, had promised Wright that he would execute the deed, and that on his return to Lubbock Mann did execute the deed and had it recorded. Wright had moved from Lubbock to Eastland county, and this last was done in the absence of Wright, and without his being informed of it. Wright did not know of the execution of the deed until he returned to Lubbock some six months later, and when Mann told him he had executed and recorded the deed, he went over to the clerk's office, and, finding it true, asked Mann for the deed, and was told by Mann that he had mailed it to him. Wright paid the delinquent taxes as stipulated in the deed.

The want of knowledge on the part of Wright that Mann had complied with his promise to convey the property to him explains Wright's continuing, by correspondence, his efforts to collect his debt. It is nowhere shown that Wright ever requested the payment of the debt after he became aware of Mann's having complied with his agreement. The failure of Wright to release the deed of trust, and to cancel and turn over the note to Mann, is abundantly explained by the loss of the note and the release of the trust deed contained in the recitals of the consideration named in the deed. Mann's testimony that he made the deed as security for the debt, is not satisfactory in this: Wright already had his trust deed security, which he could foreclose at any time, and he gained nothing in that respect if this new instrument was only to operate as security, for this new security abrogated the deed of trust. The new instrument evidenced an agreement that had a beginning, but had no ending of days, and provided no terminal facilities for the transaction. Wright's action in claiming the lots for a debt is denominated by the appellant "unconscionable." It strikes us that Wright was very slow in developing this characteristic, for he carried this debt for nearly five years, and during that time has not received one penny on his debt, so far as the record discloses. Under the facts of the case, should the court have given appellant's issue as to Mann's intention in executing and recording the deed, as it affects the question of delivery?

[3, 4] We are aware of the rule laid down in the decisions cited by appellant (Koppelmann v. Koppelmann, 94 Tex. 44, 57 S. W. 570; Walker v. Nix, 25 Tex. Civ. App. 596, 64 S. W. 73; McCartney v. McCartney, 93 Tex. 363, 55 S. W. 310, and Smith v. Smith [Tex. Civ. App.] 200 S. W. 546), that the fact that the grantor in an instrument may not be concluded, by the fact that he has registered an instrument, from asserting that such an instrument is only a mortgage. This holding, we think, is based upon the consideration of the instrument, that a pre-existing debt is not discharged, but only postponed thereby, and that the grantee has not been injured by having performed the conditions set out in the instrument. We do not think that under the facts and circumstances of this case that the rule last quoted applies here, as in this case there was a clear discharge of the debt as recited in the very instrument itself. However, there is another view of the case that is decisive of all questions of intention. If the case has been correctly disposed of, but upon a wrong theory, it is our duty to affirm the judgment where the law and the facts undoubtedly require it.

[5] We think that the instrument in question being in form a deed, and that the consideration named in said deed is contractual, and there being no ambiguity in the instrument or its terms, parol evidence should not have been admitted to vary or explain its terms or the intention of the parties in executing it, but that it was the duty of the trial court to have construed and hence to have instructed a verdict in favor of defendants.

The recital in the deed expressly discharging the debt is held (27 Cyc. 1010), a definitive test in favor of the instrument being a deed; the extinguishment of the debt leaves nothing to be secured, hence there could be no mortgage. See, also, Calhoun v. Lumpkin, 60 Tex. 190.

The statement of the consideration in the instrument under consideration makes such consideration contractual in its nature, and consists of a specific and direct contractual provision, both as to the discharge of the debt and lien of the deed of trust, and also

the assumption of the payment of the delinquent taxes, which taxes, as has. been said, were afterwards paid by Wright. The instrument therefore cannot be modified or changed by parol or extrinsic evidence. This holding has been most thoroughly considered by this court in an opinion by Judge Hall, in the case of Matheson v. C-B Live Stock Co., 176 S. W. 735, and we approve the holding in that case.

We therefore overrule all propositions and assignments of appellant, and affirm the judgment of the trial court.