## MORGAN et ux. v. HOUSTON OIL CO. OF TEXAS et al.
### No. 9553.

Court of Civil Appeals of Texas. San Antonio.

April 10, 1935.

On Rehearing June 26, 1935.

I. W. Keys, of Corpus Christi, Charles C. Huff and G. H. Penland, both of Dallas, and Naman, Howell & Brooks, of Waco, for appellants.

Williams, Lee, Sears & Kennerly, Geo. D. Sears, and W. H. Blades, all of Houston, and Henry, Bickett & Bickett, of San Antonio, for appellees.

SMITH, Justice.

The parties will be designated as plaintiffs and defendants, respectively, as in the trial court.

The action was brought by plaintiffs against defendants to cancel an oil and gas lease, alleged to have been forfeited by reason of the failure of defendants to diligently perform their obligation to market gas which is admittedly being produced from the lease in paying quantities. The cause was tried to the court without a jury, and resulted in a judgment denying relief to the plaintiffs, who have appealed.

■ The trial judge made no findings or conclusions, none having been requested by either party. In this situation this court must be controlled by the familiar rule that every fact necessary to sustain the judgment will be implied, if supported by pleadings and any material evidence. This application of this rule is decisive here, since the case made is essentially one of fact, rather than of law.

The lease in controversy was, substantially, in the usual and familiar form of a Texas oil and gas lease, in which it was provided that it should run for a period of five years, conditioned that defendants should begin the drilling of a well by August 15, 1930, and requiring defendants to thereafter diligently develop the premises by drilling wells and marketing the products therefrom. It being conceded by all parties that defendants timely drilled a first and a second well, from which gas in paying quantities was, and is still being produced, the case was narrowed to plaintiffs' contentions that defendants failed to exercise reasonable diligence to market the product. In this connection, it appears that defendants have marketed none of the gas from the second well brought in, and but a negligible quantity of that produced from the first well, when compared to its capacity, and to its actual performance.

■ The lease is in the "heart" of the productive Saxet gas field, near the city of Corpus Christi, embracing numerous gas-producing wells. Gas, in varying quantities, is being sold from some of those wells, under contracts obtained by the producers. It is obvious from the record, however, that most of the vast product of the field is wasting into the air for lack of a market therefor, so that the fortunate few who are profiting by the exploitation are but exceptions to the general rule. This appears to be true as to the relative quantity marketed out of the field production, if not as to the number actually sharing in the paying distribution. This prodigal and profitless waste of the natural resource seems to flow from a variety of causes, some of which ought to be obvious to the most casual observer of contemporaneous history, while others are shown to have come out of specific conditions appearing from the record. The trial judge impliedly found these causes to be sufficient to acquit the defendants of the charge of negligent failure to perform their obligation, not only to plaintiffs, but to themselves in particular (since they would profit most therefrom), to market the product of these wells. It appears from the evidence, for example, that producers from numerous other wells in that field were unable to sell their product, for the simple reason that there was no market therefor; that the production from the field was wholly beyond the demand for the product; that defendants drilled these wells in anticipation of an early and growing demand for their product, particularly in the promised great industrial future for the city of Corpus Christi, which did not develop; that defendants' wells came in as the country was precipitated into the economic debacle which has practically destroyed the business, and halted the development, of the nation; that as a result the consumption of gas was "tremendously decreased," and defendant oil company's pipe line distribution for industrial and domestic consumption dropped from 100,000,000 feet to 50,-

**314**

000,000 feet per day; that gas production was greatly increased in other fields, as well as in the Saxet and another nearby field, which resulted in a "market glut of gas—a very small demand and big supply"; that these conditions affected defendants and other companies in that area alike. Defendants, further showed the futile efforts made by them to find a market for the gas from these wells, while the testimony of plaintiffs' witnesses showed the product of many other wells in the same field was wasting for want of a market. It would be a bootless task to go further into the testimony, or discuss its effect. It is sufficient that the evidence amply, if not overwhelmingly, supports the implied findings of the trial court that defendants exercised reasonable diligence in their efforts to meet the obligations assumed by them in the contract of lease, which is all that the law required of them. Those findings are therefore binding upon this court, and are conclusive of the appeal, for, while other questions are raised by plaintiffs, they are collateral to and do not affect the controlling conclusion.

■ Perhaps it should be added here that, long before the institution of this action to cancel, plaintiffs evidenced their intention to terminate the lease, afterwards gave defendants formal notice of such termination, and prosecuted that purpose by bringing this suit. It is well settled that when a lessor determines to forfeit or cancel an oil and gas lease, and puts the lessee on notice thereof, he cannot complain if the latter suspends operations under the contract, pending the determination of the asserted right of the lessor to forfeit or cancel. Lane v. Urbahn (Tex. Civ. App. writ ref.) 265 S. W. 1063, par. 3; Edgar v. Bost (Tex. Civ. App.) 14 S.W.(2d) 364; Johnson v. Montgomery (Tex. Civ. App. writ ref.) 31 S.W.(2d) 160. Under this self-imposed restriction of plaintiffs' right, the trial court was doubly warranted in the judgment appealed from, which is now affirmed.

BICKETT, C. J., did not participate in the decision of this case.

### On Motion for Rehearing.

In the original disposition of this case the court passed only upon the question of cancellation of the oil and gas lease held by appellee Houston Oil Company of Texas upon the land involved.

As a matter of fact, apparent of record, the pleadings in the case involved an action in trespass to try title to said land, set up by appellants as against said oil company and John Hancock Mutual Life Insurance Company, and in addition thereto specially pleaded their action to cancel the oil company's oil and gas lease upon said land. The oil company included in its answer the general denial, as well as plea of not guilty. The insurance company took no cognizance, in its answer, of the plaintiffs' allegations in trespass to try title.

In all the subsequent proceedings in the case, the parties and the trial judge ignored the question of title to the fee in the land, clearly showing the intention, by common consent, of eliminating the question from the case, and of leaving that title, unmolested by this litigation, in appellants, in whom the record clearly shows a vested title, at least so far as the defendants below were concerned. Apparently lulled by this intention and conduct of the parties, the trial judge did not expressly adjudicate the question of title in the decree. This omission, however inadvertent, is nevertheless abortive of the true decree, and subjects appellants' conceded title to the land to the hazard imposed by the provisions of article 7391, R. S. 1925, which was clearly not intended by the trial judge, or warranted by the record.

This error in the judgment apparently escaped the notice of the parties, for it was ignored in all the proceedings after trial below, as well as in the presentation of the appeal, but has now been called to the attention of this court, for the first time, in a much belated motion for rehearing, which appellees have not contested, and which will be granted.

The whole record in the case, including the pleadings, evidence, submission, and motions, below, shows conclusively that the cause was tried and disposed of in the trial court, as well as in this court, solely upon the attempted cancellation of the oil and gas lease, and the consistent attitude of the parties in the court below, and in this court, as well as the attitude of the trial court, discloses that the title to the land, as well as the right of possession thereof (subject to the rights of the oil company, as lessee, and the insurance company, as lienholder), was, and is, solely in appellants.

■ In this state of the record, and in view of the attitude and conduct of the parties and of the trial court, it is perfectly obvious that the judgment of the trial court should be revised so as to eliminate therefrom any implication which would vest, or tend to vest, the title to the land in appellee,

or becloud the title of appellants. The obviously inadvertent error in that judgment is clearly fundamental, and it is within the power, and is the duty, of this court to notice and correct that error, in order to prevent a palpable and obvious miscarriage of justice.

To this end, appellants' motion for rehearing will be granted; the judgment heretofore rendered in this cause, affirming in toto the judgment of the trial court, will be set aside, and judgment will here and now be rendered that appellants do recover title and possession of the land in controversy, subject to the oil and gas lease held thereon by appellee Houston Oil Company of Texas, and to the rights, if any, of John Hancock Mutual Life Insurance Company, by reason of its asserted deed of trust lien upon said land; but in so far as the judgment of the court below denies recovery to appellants upon their action to cancel said oil and gas lease, the same will be affirmed, as in the original disposition. All costs of this appeal will be assessed against appellants, as before.

Reversed and rendered in part; and in part affirmed.

BICKETT, C. J., did not participate in the decision of this case.