## HILLMAN et al. v. GRAVES et al.
### No. 10613.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1939.

Edward L. Dunlap, of Victoria, for appellants.

Crain, Vandenberge & Stofer and Linebaugh & Guittard, all of Victoria, for appellees.

SLATTON, Justice.

Mrs. Ella Hillman and husband, Charles Hillman, conveyed two hundred acres of land in trust to secure the payment of $4,000. Thereafter the Hillmans conveyed the land by deed to the holders of said deed of trust notes; the conveyance contained recital of the transactions and the following:

"Now, Therefore, we the said Mrs. Ella Hillman and husband, Charles Hillman, of Victoria County, Texas, in consideration of the premises and the discharge, cancellation and delivery to us of said promissory notes, above described, which cancellation and delivery is hereby acknowledged;

"Have Granted, Bargained, Sold and Conveyed, and by these presents do Grant, Bargain, Sell and Convey; unto the said Mrs. Kate Graves, a widow, of Victoria County, Texas, and A. G. Schroeder and Oscar A. Rasmussen, as Independent Executors of the Last Will and Testament of Andrew Rasmussen, Deceased, which

Will was probated by the County Court of Calhoun County, Texas, and Mrs. Rose Lambert, a widow, of Refugio County, Texas, in the proportions set out hereinafter, all of the above mentioned real property, which is here described as follows:"

The Hillmans sought in this suit: (a) to cancel and rescind the deed, (b) to establish a trust in the land, (c) damages for fraud in procuring the deed. All theories of recovery were predicated upon fraudulent representations alleged to have been made by the agent of the holders of the deed of trust notes at and before the execution and delivery of the above-mentioned deed. The Hillmans alleged that during July, 1937, a reconveyance of the land was demanded and refused and an offer to pay the amount of the deed of trust indebtedness.

The defendants in the lower court answered the suit of Hillman and wife by general denial and specially pleaded the statute of frauds.

On the trial the Hillmans offered testimony to the effect that the land was deeded to Mrs. Hillman by her father and mother; that she and her husband were notified before Mar. 11, 1936, by attorneys, to either pay the notes or deed the land to the holders of the notes; that she and her husband went to see two of the note holders and were advised that Mr. Schroeder was their agent, and that whatever he did would be agreeable to them; that they went to Mr. Schroeder and he told them to deed the land over just to satisfy the note holders and that they could redeem the land at any time within two years; that the Hillmans relied on Schroeder's statements and did not know the same were false and untrue, and that they would not have deeded said land if it had not been for said statements; that the Hillmans were able to get the money with which to pay the note holders but such offer had been refused.

The above testimony was excluded by the court at the close of the evidence offered by the Hillmans, and the jury was directed by the court to render a verdict against the Hillmans and in favor of the defendants below. Hence this appeal hinges on the construction to be placed upon the deed above described.

The deed executed by the Hillmans and delivered to the appellees recited a contractual consideration; therefore parol evidence was inadmissible to vary or contradict such recitals. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Mann v. Wright, Tex.Civ.App., 269 S.W. 222.

The parties to said deed are estopped from denying the contractual recital contained in it. The deed cannot be construed to be a mortgage because, according to its recitals, the vendees have no right of action against the vendors for the consideration supporting the deed. Calhoun v. Lumpkin, 60 Tex. 185.

The appellants cannot recover upon the alleged fraudulent representation that the appellees would reconvey the land within two years upon the payment of the then outstanding deed of trust notes, for the reason that such a promise is contrary to the written instrument subsequently entered into between the parties. Lane v. Urbahn, Tex.Civ.App., 246 S.W. 1070; Id., Tex.Civ.App., 265 S.W. 1063; Id., Tex. Civ.App., 289 S.W. 173, writ refused; Distributors' Investment Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47.

These conclusions are also applicable to the trust theory. In 17 Tex.Jur., § 375, p. 830, it is said: "* * * parol evidence is inadmissible to establish a trust contrary to the plain intention of the grantor expressed in a deed." Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825.

The trial court correctly directed a verdict against the appellants upon their alleged cause of action predicated on the oral promises charged to have been made without any intent to perform the same at the time they were uttered, because they offered no evidence of the fraudulent intent at the time same were uttered. Non-performance of the promise to reconvey was the only proof with reference to the fraudulent intent adduced by appellants. This is not sufficient.

In the case of Cassel v. West, Tex. Civ.App., 98 S.W.2d 437, 439, writ refused, Mr. Justice Martin, speaking for the court, said: "It will be noted that appellant's alleged fraud had its basis in promises to be performed in the future. There is a marked difference between fraud arising out of such promises and that based upon representations as to present or pre-existing facts. Respecting the latter, scienter or intent to deceive are immaterial elements." (Citing authorities.)

The rule as to the former is correctly stated, we think, as follows:

438

"Ordinarily a promise to perform some act in the future, although made by one party as a representation to induce the other to enter into the contract, will not amount to fraud in legal acceptation, though subsequently the promise is, without any excuse, entirely broken and non-fulfilled. This is a plain and well-established proposition, about which there can be no controversy; otherwise every breach of a contract would amount to fraud.

■ "In order for a promise to constitute fraud it is necessary that it should have been made with the intent at the time that it would not be performed, and with the intention, design and purpose of deceiving." 20 Tex.Jur. pp. 32 and 33, and authorities cited.

Accordingly the judgment is affirmed.