Mrs. Edna ALBERS, Appellant,

v.

The SCHUMACHER COMPANY et al., Appellees.

No. 3549.

Court of Civil Appeals of Texas.

Waco.

May 28, 1958.

Rehearing Denied June 23, 1958.

George H. Greene, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Robert M. Welch, Jr., William A. Stout, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment. Such summary judgment was entered by the Trial Court in a bill of review action brought to set aside a prior summary judgment. Parties will be referred to as in the Trial Court. On 1 May 1956 a summary judgment for $3,200 rent was entered in favor of The Schumacher Company against Mrs. Edna Albers and E. C. Baxter. On 28 May 1957 Mrs. Edna Albers as plaintiff filed this suit against The Schumacher Company as defendant, in the nature of a bill of review to set aside the summary judgment rendered against her on 1 May 1956. Plaintiff alleged that she had never been served with process; knew nothing of the case or judgment until just prior to the filing of this suit; and that she had a meritorious defense to the suit. The defendant Schumacher Company filed motion for summary judgment which was granted by the Trial Court on 8 July 1957.

Plaintiff appeals, contending that the Trial Court erred in granting summary judgment for defendant—as the record shows that there are genuine disputed issues of material facts.

The record reflects that Mrs. Albers and E. C. Baxter, on 30 January 1952, entered into a lease agreement in writing whereby they leased for a period of two years a building in the City of Houston to be used for night club purposes. Mrs. Albers and Baxter agreed to pay $300 per month rent for the first three months, and $400 per month thereafter until the expiration of the term. Mrs. Albers and Baxter entered into possession of the building under the lease and paid their rent for 16 months. Thereafter they moved out and did not pay the rent for the last eight months. The Schumacher Company brought suit against

Mrs. Albers and Baxter for $3,200 (the eight months' rent). The record reflects that Mrs. Albers and Baxter were duly served and that an attorney filed an answer in their behalf. The Schumacher Company was awarded summary judgment against Mrs. Albers and Baxter for $3,200 on 1 May 1956. On 10 May 1957 a writ of garnishment was issued against Mrs. Albers' bank account to satisfy the judgment of 1 May 1956. She filed this action on 28 May 1957 in the nature of a bill of review to enjoin the garnishment of her bank account, and alleged that she had never been served with process in the original case, had not employed the attorney who filed the answer in behalf of the two defendants, knew nothing of the case until shortly prior to filing this action, and had a meritorious defense to The Schumacher Company's cause of action against her. Her defense to the suit for rent under the written lease contract is that:

"Said premises were a portion of the Minimax Store Building and that same were air conditioned at the time of their inspection. That at the time of the inspection which resulted in the purported lease agreement being executed, a duly authorized agent of Schumacher Company was present. That said agent was well aware of the purpose for which Mrs. Albers and Baxter desired to lease the premises. That it was represented to Mrs. Albers and Baxter that the premises were air conditioned and would remain air conditioned for their use and benefit. * * * That shortly prior to June 1, 1953, the air conditioning in said premises was cut off. (Mrs. Albers) states that she and Baxter were deprived of said air conditioning due to the negligence, omissions, and failure of The Schumacher Company to live up to their representations prior to the execution of the lease agreement."

The Schumacher Company filed motion for summary judgment alleging that no genuine issue as to material fact existed in the cause. The lease agreement was attached. Such lease provided, as heretofore noted, that Mrs. Albers and Baxter leased the building described for a period of two years, agreeing to pay $400 per month rental (after the first three months).

The Trial Court granted a summary judgment in favor of The Schumacher Company that Mrs. Albers take nothing by her bill of review and dissolved the injunction against garnishment of her bank account.

The facts before us are without dispute (so far as summary judgment is concerned). Mrs. Albers and Baxter entered into a written lease contract agreeing to pay $400 per month for a certain building for a term of two years. Eight months prior to the expiration of the term Mrs. Albers and Baxter moved out and ceased paying rent. Mrs. Albers and Baxter moved out and ceased paying rent because the building had been air conditioned at the time they inspected it prior to entering into the lease contract—and The Schumacher Company's agent represented to them that the building would remain air conditioned. The air conditioning was cut off and Mrs. Albers contends that such fact relieves her of her obligation to pay rent under the written lease. The written lease makes no mention of air conditioning.

■ We are not unaware of the duty of a court in hearing a motion for summary judgment; the burden is on the movant; all doubts are resolved against summary judgment, and the court accepts as true the evidence offered by the party opposing summary judgment and gives such party the benefit of every reasonable inference. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929, 931; Trammell v. Trammell, Tex. Civ.App., 290 S.W.2d 324, 325, W/E Ref. NRE.

■■ Parol evidence is inadmissible to contract, in the absence of allegations of fraud, accident, or mistake. Further, all

prior contemporaneous negotiations, agreements and promises are merged into the written contract. The foregoing rule may be rebutted only by a pleading and a showing that such negotiations, agreements and promises were omitted from the written contract by reason of fraud, accident and mistake. Levine v. Finkelstein, Tex.Civ. App., 80 S.W.2d 360; Robertson v. Melton, Tex.Com.App., 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Pallas v. Powers, Tex.Civ.App., 271 S.W.2d 479, W/E Ref.

Moreover, it is well settled that the failure to discharge a promise of something to be done in the future is not fraud. Warner v. Venture Pet. Corp., Tex.Civ. App., 188 S.W.2d 596, W/E Ref. W.M.

Reverting to the case at bar, there is no allegation whatever on the part of Mrs. Albers, or proof to the effect that by reason of *fraud, accident, or mistake,* the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom. Absent a showing by allegation and proof (by affidavit or otherwise in a summary judgment proceeding) that fraud, accident, or mistake caused the omission of some representation from the written instrument—or caused the signing thereof, the terms of the written instrument cannot be varied by parol. The foregoing is necessarily the law, for otherwise a party could destroy the value of a written contract by the mere proof of contemporaneous parol representations or agreements. Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97.

Mrs. Albers merely says that she and Baxter moved and refused to pay the rent contracted to be paid in the written lease contract, because The Schumacher Company represented that it would keep the building air conditioned prior to signing the lease, and that it failed to keep the building air conditioned. The written lease contains no such stipulation. There is no pleading nor showing of fraud, accident, or mistake. The most that can be said of Mrs. Albers' position is that Schumacher failed to discharge a contemporaneous promise to keep the aid conditioning on in the future. Under the authorities cited, the Trial Court correctly granted the summary judgment. The judgment of the Trial Court is accordingly affirmed.

HALE, J., took no part in the consideration and disposition of this case.