**DISTRIBUTORS INV. CO. et al. v. PATTON.**

**No. 11619.**

Court of Civil Appeals of Texas. Dallas.

April 27, 1935.

Rehearing Denied June 1, 1935.

in the principal sum of $250, except one for the principal sum of $300. Appellee impleaded the R. B. George Machinery Company, hereinafter called machinery company, and sought judgment over against it. From an adverse judgment, the investment company and the machinery company have duly perfected this appeal. The following are the necessary facts:

The notes in question were duly executed by appellee to the machinery company, in part payment of a caterpillar tractor and wagon, and transferred by the machinery company to the investment company. The tractor was secondhand, and was sold "as is." The contract of sale was executed on or about December 30, 1931, and a chattel mortgage on the machinery sold was executed by said Patton to the machinery company. The machinery was sequestrated and duly sold for the sum of $2,400, which sum is allowed by the petition, as a credit on the indebtedness represented by the notes, and a small open account. The written contract of sale contains, among other things, the following covenant: "There are no representations, warranties or conditions, express or implied, statutory or otherwise, except those herein contained, and no agreement collateral hereto shall be binding upon either party unless in writing hereupon or attached hereto, signed by Purchaser and accepted by Company at its head office."

At the time the contract of sale was executed, appellee was engaged in the moving of oil rigs from one location to another in the East Texas oil field, and he desired equipment in the way of a tractor, by means of which he could do the work of moving the heavy oil well equipment, economically and expeditiously, and purchased the caterpillar tractor from the machinery company to do such work. In making the purchase, his dealings and negotiations were with one McClure, the authorized agent of the machinery company. Appellee fully informed appellant as to the purpose for which he purchased the tractor, and said agent informed appellee that he was fully acquainted with the portion of the East Texas oil field in which appellee was operating, and that the one offered for sale and purchased was reasonably suited for such work; that, in order to meet appellee's demands as to the character of a tractor he wanted, Mc-

Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellants.

Robert Lee Guthrie, of Dallas, for appellee.

JONES, Chief Justice.

This suit was instituted by the Distributors Investment Company, hereinafter called investment company, against H. L. Patton, hereinafter called appellee, in a district court of Dallas county, to recover the principal, interest, and attorney fee on a series of eight notes, each of which is

Clure made a number of representations to appellee in reference to the particular caterpillar that was purchased, which are: (a) That the caterpillar could be operated with little expense, and that an inexperienced man could handle it, and that he would save the expense of an extra team and hand, and that it would not be necessary to have had prior experience, or an experienced man to attend to it; (b) that he was well acquainted with the territory in and around Overton, where defendant contemplated using such tractor, and that on account of its tracks the caterpillar could be used in such soil and dirt, and that the said caterpillar would not sink down in muddy ground; (c) that the operation of said caterpillar would be inexpensive, and that the consumption of oil and gas would be slight; (d) that the sprocket wheels, as well as all of the parts of the caterpillar that were apt to give trouble, were new, and there was no possible chance for the same to cause trouble; (e) that any person would be able to handle the caterpillar, because of its being so simple in its operation.

After appellee had purchased such tractor, he was induced to purchase the wagon, on the representation that the caterpillar would not work with an ordinary wagon, but would work with the special wagon which went with it. Appellee believed these representations in reference to the caterpillar and the wagon to be true, relied upon them, and would not have purchased same, unless he believed the caterpillar would perform as represented by the agent.

Appellee tried the tractor for approximately sixty days, and it never performed in a satisfactory manner, though on his frequent reports to the machinery company, expert mechanics were sent, in unsuccessful attempts by the machinery company, to adjust the tractor so that it would do the required work. Each time the tractor was worked upon, appellee was assured that it would perform the work for which he purchased it, but in this it continued to fail. If it had not been for these frequent efforts of the machinery company to adjust the caterpillar and the wagon, and the promise each time that it would then do the work, appellee would have repudiated the contract earlier, and demanded a rescission.

The suit for rescission is based entirely on the alleged false and fraudulent representations made to appellee for the purpose of inducing him to enter into the contract. The investment company's suit is based upon the notes and contract, and the petition filed contains well-pleaded allegations that present a cause of action for recovery for the amount of the notes; also the small items on an open account. There is no question of innocent purchaser involved.

Appellee answered the suit by a plea of failure or a partial failure of consideration, on the ground that the machinery company had full knowledge of the special use to be made of the caterpillar, and that it had utterly failed to perform the work for which the machinery company knew it was purchased. The allegations in the answer in this respect are well pleaded, and, on their face, show a failure of consideration.

By way of cross-action, appellee seeks a rescission of the contract and a return to him of the money he had paid on the purchase price. The basis of this cross-action is that appellee was induced to execute the contract and the notes by false and fraudulent representations made by the machinery company's agent on material matters which appellee believed to be true, and which caused him to execute the contract. These alleged false representations were set out in the petition and are those above given. The allegations of the cross-action are full and complete, and on their face show a right of rescission.

The machinery company and the investment company denied that such representations were made, and specially pleaded the paragraph in the contract, above quoted, to the effect that any representations that may have been made prior to the agreement are not binding on either party, that all antecedent negotiations were merged into the contract, and that appellee purchased the secondhand tractor "as is," i. e., with whatever defects it might have.

The case was tried to a jury, submitted on special issues, a verdict returned on such issues favorable to appellee, both as to plea of failure of consideration and as to his suit for rescission, and a judgment was entered, rescinding the contract of sale, canceling the notes in the possession of the investment company, and directing that such notes be surrendered to appellee, and judgment against the machinery company for $275 with interest, at the rate of

6 per cent. per annum from February 13, 1933.

On the issues of a rescission of the contract, and failure of consideration, the jury's findings are that McClure represented to appellee that (a) the caterpillar involved in this lawsuit could be operated with little expense; (b) an inexperienced man could operate the caterpillar; (c) the caterpillar could be operated in muddy ground; (d) the caterpillar was reasonably fit for the purpose for which it was purchased; (e) all of the parts of the caterpillar that were apt to give any trouble were new. In answer to other special issues, submitted in connection with the above issues, the jury found that each of the said representations was untrue, and that appellee was induced to execute the contract and notes because he believed as true each of said false representations.

In respect to a rescission of the contract for the sale of the wagon, the jury found that (a) appellee was induced to purchase said wagon, on representations of the machinery company, that he would have no trouble with the caterpillar, if operated with the wagon, and that such representations were untrue; (b) McClure represented to appellee that the caterpillar and wagon were reasonably fit for the purpose for which they were purchased, that such representations were untrue, and that appellee was induced to execute the contract and notes because of such untrue representations.

The jury also found that the failure of the caterpillar properly to function was not due to the negligence of appellee or his employees; that appellee, in executing the contract, did not rely on his own or his agent's inspection of the caterpillar; that appellee first discovered that the representations made to him with respect to the caterpillar were false, on January 7, 1932, and that he did not, after such discovery, continue to use such tractor and wagon in his business in the oil fields for an unreasonable period of time; that appellee received no value from the use of the tractor and wagon during the time he used same. There are some other findings of fact, which we do not consider material to the judgment.

The primary contention of appellants is that, as the caterpillar was sold "as is," and as the contract, by its own terms, forbids the binding effect of any prior representations, promises, or warranties, not contained in the written contract, such representations, promises, or warranties are not a part of the contract, and parol evidence is not permissible to prove them, for the reason such proof would tend to contradict the terms of the written contract. Appellants properly reserved all questions in respect to the action of the court, in overruling their special exception in respect to the allegations in appellee's cross-action, a request for peremptory instruction at the close of the evidence, and by timely and pertinent objections to the submission of the special issues, embracing such issues, and by duly assigning errors on the adverse rulings of the court on all of these matters.

On the other hand, appellee urges that the court did not err in overruling appellants' contentions in the respect above named, for the reason that his cross-action, alleging his grounds for a rescission, is not based on the written contract, but is based on the theory that no contract was brought into existence, because of fraud in the inception of the contract, which induced appellee to execute it. In addition to the attempt to avoid the contract, for the reason that it was induced by fraud, appellee also pleaded, in answer to the suit, a failure of consideration, based on the theory that the machinery company knew the character of work in which appellee was engaged, and knew the kind of machine that was required to do the work, and with this knowledge, sold him the machine in question, under an implied warranty that it would do the work in the manner desired by appellee, and, as it would not do such work, there was a failure of consideration.

Appellants also contend that, if appellee should be correct in his contention in reference to the false representations inducing him to sign the contract, nevertheless such contract is not void, but only voidable, and that appellee, by retaining and using the caterpillar for approximately sixty days, after he discovered the failure of the caterpillar to measure up to the representations, waived the effect of such false representations and elected to ratify the written contract of sale; also that appellee's suit for rescission should be denied, because he waited approximately sixty days to declare a rescission, which is, as a matter of law, an unreasonable length of time, and defeats his suit for rescission.

Did appellee make a case for rescission? If a valid and enforceable contract for the sale of the caterpillar tractor and wagon was executed, then no right of rescission, under the record in this case, exists. The machinery sold was secondhand, and

was purchased "as is," and appellee must receive it with whatever imperfections that may exist. In the case of a valid contract, all prior negotiations that the parties may have had, previous to the execution of the contract, must be considered as either waived or as merged into the written contract. By a valid and enforceable contract is meant such a contract that is neither void on its face, nor voidable because of fraud inducing its execution. In a suit to enforce such a contract, neither party can go behind its terms, to ingraft on it other terms not specifically, or by clear implication, contained therein; for there is a rule of law, as old as our jurisprudence, that extrinsic evidence cannot be received to vary the terms of a valid contract. Avery Co. v. Harrison Co. (Tex. Com. App.) 267 S. W. 254; White, Ward & Erwin v. Hager, 112 Tex. 516, 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; First Nat'l Bank, etc., v. Smith (Tex. Civ. App.) 183 S. W. 862; J. B. Colt Co. v. Kelly (Tex. Civ. App.) 270 S. W. 942. But can appellants invoke this rule to defeat appellee's suit for rescission, based on fraud inducing its execution?

The rule that fraud vitiates a contract has been announced so often as to give it the force of a legal maxim. A contract induced by fraud is not void, but voidable, for the reason that the fraud inducing it does not appear on the face of the contract, and is therefore only subject to be declared void, if the complaining party to such contract establishes the fact, to the satisfaction of a jury or a court, that he was induced to enter into such contract by false and fraudulent representations of the other party. King v. Wise (Tex. Com. App.) 282 S. W. 570; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873, 874; Laminack v. Black (Tex. Civ. App.) 3 S.W.(2d) 824; George v. Birchfield (Tex. Civ. App.) 264 S. W. 632; Advance-Rumley Thresher Co., Inc. v. Higgins (Tex. Civ. App.) 279 S. W. 531; Willett v. Browning Engineering Co. (Tex. Civ. App.) 186 S. W. 352.

6 R. C. L. § 52, pp. 635, 636, thus states the rule: "There is no rule of law precluding the defendant, in an action on a written contract, from pleading and proving fraudulent representations of the other party on which he has relied to his prejudice as inducement for the making of the contract sued on. This is the ordinary defense of fraud, which may be interposed as in an action at law by way of defense to recover on a written contract. It is perhaps true that by a stipulation in a written contract collateral agreements or warranties attempted to be made by agents may be prevented from becoming portions of the contract between the parties; but no such stipulations can prevent the interposition of the defense of fraud which has induced the making of the contract. Accordingly stipulations in a written contract that neither party shall be bound by attempted changes in it, unless they are in writing and signed by the parties thereto, do not preclude the defense of fraud in securing the contract."

1 Elliott on Contracts, § 7, thus phrases the rule: "If one is induced to go through the form of making a contract because of some fraud, or misrepresentation made by the other party or his agent, relative to a material element of the agreement, such that, if he had known the truth, he would not have given his assent, the contract may be avoided by him. There can be no real assent when it is induced by fraud."

In Edward Thompson Co. v. Sawyers, supra, the rule is thus announced: "Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts. Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations."

Appellee's suit against the machinery company, by way of cross-action, being a suit to declare the contract of sale void, because induced by fraud of the machinery company, comes clearly within the line of decisions above cited, and is not subject to the oral testimony rule, above announced. The rule of law in respect to the character of cases appellee makes both by pleading and evidence is clearly announced by the annotator of the notes to a decision in 56 A. L. R. page 16, as follows: "It is a general rule, supported by many decisions, that as fraud vitiates any contract or transaction into which it enters, the doctrine that parol or extrinsic evidence is inadmissible to contradict, vary, or explain the terms of the written contract is inapplicable where the issue is whether the contract was procured by fraud."

To sustain this announcement of the rule, a vast number of decisions are cited, including a page and a half of decisions from this state, to which we here refer without specifically naming the decisions (Note 56 A. L. R. pages 27, 28). We therefore hold that appellants cannot invoke the said parol

evidence rule, that the court did not err in admitting the evidence complained of, and did not err in submitting to the jury the issues raised by such evidence.

■ Appellants contend that because the machinery sold was secondhand, and appellee agreed to take same "as is," he cannot complain because the machinery failed to measure up to the representations made by the machinery company's agent, to induce him to make the purchase. We do not agree to this contention. The rule denying such contention is so well stated by the editor of the notes to decisions in 58 A. L. R. 1181 that we adopt same as controlling in this case; such statement is: "It seems fairly well established, as will appear in the subsequent discussion, that the sale of property under an affirmative provision by which the purchaser purports to take the property in the condition in which it is, as, for example, under the so-called 'as is' provision, or 'with all its faults', does not preclude the buyer from relying on false representations made by the seller, in reliance upon which the sale is consummated."

■ Appellants also make the contention that, under the terms of the contract, appellee, in effect, bound himself not to be governed by the prior representations made by such agent, and hence cannot rely on same as grounds for rescission. This contention would be sound, if the suit for rescission was based on the contract, for the presumption then would obtain that all prior negotiations were either merged into the contract, or rejected by both parties. But, as we have seen, this is not appellee's suit, and it is elementary that a person cannot contract against his own fraud, unless the other party knew of such fraud at the time the contract was executed.

■ Again it is contended by appellants that the representations alleged to have been made by the machinery company's agent were mere expressions of an opinion of the agent, and that fraud cannot be predicated thereon. This contention is not sound, for the reason that the representations made, whether they be construed to be an expression of an opinion, as to the machine's capability to do appellee's work, or the statement of a fact in respect to such capability, had reference directly to the suitableness of the machine to do appellee's work, and came from a person in a superior position to appellee as to knowledge of the ability of the machine to do the work required. This contention is overruled. 20 Tex. Jr. 24.

It is also contended by appellants that the evidence does not sustain the findings of the jury that appellee had paid $275 on the tractor. We have carefully examined the evidence bearing on this question, with the result that we find the evidence does sustain such finding by the jury, and overrule this contention.

We conclude, therefore, that the judgment of the trial court awarding a rescission of the contract of purchase, canceling the notes given as part consideration, and awarding judgment for $275, as the sum that appellee had paid on the contract price, should be affirmed.

That part of appellee's answer to the machinery company's suit alleging a failure of consideration we do not find necessary to discuss, because of the disposition made of the case, affirming the judgment of the lower court on appellee's cross-action for a rescission. All assignments of error not specifically discussed have been considered and are overruled.

It is therefore the opinion of this court that the judgment of the lower court should in all things be affirmed, and it is so ordered.

Affirmed.