DISTRIBUTORS INVESTMENT COMPANY ET AL. V. H. L. PATTON.

No. 6966.   Decided December 1, 1937.
Rehearing overruled January 5, 1938.
(110 S. W., 2d Series, 47).

*Burgess, Chrestman & Brundidge* and *L. E. Elliott,* all of Dallas, for plaintiffs in error.

It was error to hold that a contract for the sale of a second-hand tractor "as is" may be rescinded on the ground of fraud by prior oral representations, which specifically negative the written contract. King v. Wise, 282 S. W. 570; Edward Thomp-

son Co. v. Sawyers, 111 Texas 374, 234 S. W. 873, and other cases cited in the opinion.

*Robert Lee Guthrie,* of Dallas, for defendant in error.

Where a second-hand caterpillar tractor has been sold under certain representations that it would do the work the purchaser wanted it for, when it fact it would not, and the jury so found, the court is warranted in setting aside the notes and contracts executed at the time of purchase, and is warranted in restoring the parties to the contract to their original positions, where the defense of failure of consideration has been plead. Hallwood Cash Register Co. v. Berry, 80 S. W. 857; Groce v. Yates Machinery Co., 288 S. W. 161; 10 Tex. Jur. 153; 35 Cyc. 539; Williston on Sales, 313.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error Distributors Investment Company sued defendant in error H. L. Patton on certain promissory notes given in part payment for a caterpillar tractor and wagon and to foreclose a chattel mortgage upon the tractor and wagon given to secure the payment of the notes. Defendant in error impleaded R. B. George Machinery Company, from which he purchased the property. No question of innocent purchaser of the notes arose upon the trial and the presence of the machinery company in the suit may be disregarded. After the suit was instituted the property was seized by a writ of sequestration, later replevied by plaintiff in error and sold, and in its petition upon which the case was tried the notes were credited with an amount claimed to be the value thereof at the time of the sequestration. In his answer, by way of cross action, Patton alleged fraud in the transaction and sought a cancellation of the notes and judgment for the amount paid thereon. In the trial court, upon a jury verdict, the contract was cancelled and judgment rendered in favor of Patton against the machinery company for $275.00, the amount found by the court to have been paid upon the notes. That judgment was affirmed by the Court of Civil Appeals. 83 S. W. (2d) 782.

The representations found by the jury to have been made by the agent of the machinery company to Patton were: (1) The caterpillar could be operated with little expense; (2) by an inexperienced operator; (3) in muddy ground; (4) it was reasonably fit for the purpose for which it was purchased; (5) all of its parts that were apt to give trouble were new; and

(6) defendant in error could pay for it out of money which he could earn with it. In answer to other special issues submitted in connection with the above, the jury found that each of said representations was untrue and that Patton was induced to execute the contract and notes because he believed each to be true.

The alleged oral representations were made to Patton at Kilgore by a representative of the machinery company. Later Patton went to Dallas and purchased the tractor and wagon at the place of business of the machinery company, executing a written contract as evidence of the terms of the agreement. That contract described the tractor as follows:

"One Secondhand Caterpillar 60 Tractor No. PA 5068 Complete with 20" shoes less canopy top—as is—f. o. b. Dallas—$2300.00"

The contract contained the following paragraph:

"It is expressly agreed that this order shall not become binding until accepted by the Company at Dallas, Texas, and the purchaser hereby acknowledges to have received a true and correct copy of this order, and it is further agreed that no representations or agreements made to, by, or between the parties hereto, prior to or at the time of the acceptance hereof shall be binding upon either of the parties hereto, unless the same are printed or written in this order."

■ The controlling question presented is whether, in view of the provisions of the written contract, an action for rescission could be successfully maintained on account of the oral representations made prior to the execution of the written contract. In the opinion of the Court of Civil Appeals the basic principle of law is stated in this language:

"Did appellee make a case for rescission? If a valid and enforceable contract for the sale of the caterpillar tractor and wagon was executed, then no right of rescission, under the record in this case, exists. The machinery sold was second-hand, and was purchased 'as is,' and appellee must receive it with whatever imperfections that may exist. In the case of a valid contract, all prior negotiations that the parties may have had, previous to the execution of the contract, must be considered as either waived or as merged into the written contract. By a valid and enforceable contract is meant such a contract that is neither void on its face, nor voidable because of fraud inducing its execution. In a suit to enforce such a contract, neither party

can go behind its terms, to ingraft on it other terms not specifically, or by clear implication, contained therein; for there is a rule of law, as old as our jurisprudence, that extrinsic evidence can not be received to vary the terms of a valid contract. Avery Co. v. Harrison Co., (Com. App.) 267 S. W. 254; White, Ward & Erwin v. Hager, 112 Texas 516, 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Texas Civ. App. 214, 73 S. W. 835; First Natl. Bank, etc., v. Smith, (Texas Civ. App.) 183 S. W. 862; J. B. Colt Co. v. Kelly, (Texas Civ. App.) 270 S. W. 942."

■ With that language we do not disagree, but we do disagree with its application as made by that honorable court to the record before us. It is a rule of universal recognition that fraud vitiates a contract, and equally recognized is the rule that the terms of a written contract may not be contradicted or varied by parol. Between those rules there is no conflict. Fraud will vitiate an "as is" contract, but the character of fraud necessary to vitiate such a contract is some representation, trick, artifice or device which prevents the coming into existence of any valid contract at all. Conceivably, many acts of fraud could be committed which would give grounds for rescinding an "as is" contract as well as one containing a provision like the one copied above to the effect that no representations or agreements made prior to or at the time of the acceptance of the contract shall be binding on the parties. The pleadings in this case and the findings by the jury were not of such acts of fraud, but were of oral representations which conflict with the terms of the written contract. These representations were specifically negatived by the writing and if by denominating them fraud the written contract may be set aside, then a written contract is of no higher dignity than an oral one. The rule forbidding the varying of a written contract by parol would become a dead letter if prior oral agreements were permitted to govern the parties rather than subsequent written agreements on the same subject matter. Attaching the label of fraud to the oral representations does not change their character. This precise question has been settled in this jurisdiction. In the case of Avery Co. v. Harrison, (Com. App.) 267 S. W. 254, Judge GERMAN clearly disposed of it in this language:

"There are no allegations whatever on the part of plaintiffs, nor proof, to the effect that by reason of fraud, accident or mistake the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom. Nor is there any allegation or proof that by any fraudulent representations, artifice, or conduct the

parties were induced to sign the contract, or that at the time it was signed they did not know or were prevented from knowing what it contained. Under these circumstances it is plain that defendant was not bound by any promise or representation made by Nordyke and Hamm, not contained in the written contract. J. I. Case Threshing Mach. Co. v. Manes, (Texas Com. App.) 254 S. W. 929; Bybee v. Embree-McLean Carriage Co., (Texas Civ. App.) 135 S. W. 205.

"In the absence of allegations of fraud, accident or mistake of the nature above indicated, it will be conclusively presumed that the written contract contained the whole agreement of the parties, and parol evidence of representations, statements or warranties not disclosed by the contract was inadmissible. White et al. v. Hager, 112 Texas 516, 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Texas Civ. App. 214, 73 S. W. 835; First Natl. Bank of Garner v. Smith, (Texas Civ. App.) 183 S. W. 862."

The same question was sharply presented in the case of Wright v. Couch, 54 S. W. (2d) 207, and was disposed of by this clear language from Justice FUNDERBURK:

"False representations, whether regarding matters of present or past existence, or whether, (in the nature of promises) of future existence, do not constitute actionable fraud if the contract which it is claimed they induced specifically provides to the contrary of such representations and no claim is made that the contract does not express the true agreement. To hold otherwise would be to permit a party to a contract, while admitting its provisions and claiming its advantages, and while conceding that it was executed with full knowledge of its provisions, to prove by parol evidence that the parties intended that one or more provisions, although clear and unambiguous, were intended to mean something different from, and possibly contrary to, the provisions expressed. This would be a clear case of varying a written contract by parol evidence." See also Cassel v. West, 98 S. W. (2d) 437 (writ refused).

■ The representations relied upon for the cancellation of the contract and notes in suit contradict the written contract and clearly fall within the condemnation of the foregoing authorities. The trial court erred in decreeing a cancellation and the Court of Civil Appeals erred in affirming that judgment. This holding renders it unnecessary to decide the question of whether the relief of cancellation should be denied upon the further ground of ratification by Patton of the contract with knowledge of the

454

alleged fraud. That question is not reached and we express no opinion thereon.

The record is not in such condition as that we would be authorized to render judgment in this Court. We are unable to determine the amount of the credits to which the notes are entitled. It is accordingly ordered that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded.

Opinion adopted by the Supreme Court December 1, 1937.

Rehearing overruled January 5, 1938.