## ALAGA et al. v. STUBBLEFIELD et ux.
### No. 4322.

Court of Civil Appeals of Texas. El Paso.
June 10, 1943.

Rehearing Denied July 15, 1943.

Jones, Hardie, Grambling & Howell and Cunningham, Ward & Cunningham, all of El Paso, for appellants.

Kemp, Smith, Goggin & White, of El Paso, for appellees.

PRICE, Chief Justice.

Paul Alaga, as plaintiff, sued W. R. Stubblefield and wife for damages for breach of an alleged contract to convey certain lands situated in El Paso County. Orndorff-Miller Company, a corporation, intervened, seeking to recover from the defendants a real estate commission alleged to be due it under a contract by reason of the transactions between said plaintiff and defendants. Trial was before the court with a jury, submission on special issues. On the verdict returned the court entered judgment in favor of the defendants as to the relief sought by both plaintiff and intervenor. Plaintiff Alaga and intervenor Orndorff-Miller Company have perfected this appeal.

For convenience, the parties will be designated as they were in the trial court, respectively, as plaintiff, intervenor and defendants.

Plaintiff alleged a contract with defendants whereby defendants bound themselves to convey to him certain land in El Paso County and the plaintiff bound himself to convey in exchange certain lands in Arizona. He alleged readiness, ability and willingness to comply with the contract; further, the failure of defendants to comply therewith, and his damages.

Intervenor alleged that by the terms of the contract defendants were to pay it $800 as a real estate commission for effecting, as a broker, the contract between plaintiff and defendants, the failure and refusal of defendants so to do. Damages in the sum of $1,600 were sought.

Among other things, defendants in substance plead that at the time they signed the writing relied upon by plaintiff it was agreed between intervenor and defendants that same should not be effective as a contract or binding if (a) cost of electric power required for irrigating the Arizona property exceeded twelve dollars per acre per year; (b) if the water supply in the town of Casa Grande, Arizona, was not good, soft water; (c) if the cotton acreage allotment under the Government regulations for short staple cotton on the Arizona land would not increase each year; and (d) if the water supply in the well on the Arizona land was not adequate for irrigating the entire land.

The writing declared on was signed by defendants, plaintiff and intervenor. Immediately preceding the signatures of defendants is the date of "August 18, 1942," preceding the signatures of plaintiff and intervenor is the date "August 27, 1942." The signature of plaintiff was placed on the writing subsequent to those of the defendants, and not in the presence of defendants. When defendants signed the instrument it was left with R. L. Bogardus, an agent and employee of the intervenor. In this writing appears the following provision: "I declare that I am making this contract upon my own examination and judgment, and not in reliance upon any representation or statement made either by the agent or the other party as to location, value or income of any of the properties, nor upon any representation as to any material fact."

Among the issues submitted, with the findings of the jury, were the following:

"No. 1: Do you find from a preponderance of the evidence that defendant W. R. Stubblefield signed the instrument sued on under the condition and agreement with plaintiff Orndorff-Miller Company that the instrument was not to be effective as a contract if the electric power for irrigating Alaga's Arizona land exceeded $12.00 per acre per year? Answer: 'Yes.'

"No. 2: Do you find from a preponderance of the evidence that the electric power for irrigating Alaga's Arizona land did exceed $12.00 per acre per year? Answer: 'Yes.'"

No. 3 was the same as No. 1, with the exception that it submitted the question of water supply. It was answered in the affirmative. No. 4, the same as No. 2, except that it submitted as to whether there was adequate supply of soft water suitable to defendants. It was found there was not such adequate supply. No. 5, the same as No. 1, except it related to the increase of the allotment for short staple cotton each year on the Arizona land. It was answered in the affirmative. No. 6 found that the Government allotment for short staple cotton on the Arizona land failed to increase each year.

"No. 7: Do you find from a preponderance of the evidence that the Orndorff-Miller Company, through its salesman, Bogardus, was acting within the scope of its authority as agent for plaintiff, Alaga, in making such agreement, if any? Answer: 'Yes.'"

Plaintiff and intervenor here in substance contend that the matters found do not constitute a defense to their cause of action; that parol evidence was inadmissible to establish the issues found; that especially was that true in view of the provision in the contract hereinbefore literally quoted.

The position of defendants is in substance that the verdict established that there never was a contract between plaintiff and defendants. This, because the writing was never delivered. The custody thereof was left with intervenor on condition, and there never was a delivery; that parol evidence was admissible to show that the writing never became effective as a contract between the parties.

Plaintiff Alaga cites two cases only to support his contentions. These are: Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, and Super-Cold Southwest Co. v. Elkins, Tex.Sup., 166 S.W.2d 97. Each of these cases deals with a provi-

sion substantially similar to the provision we have literally quoted from the writing here involved. In neither of the above mentioned cases was it necessary to discuss the matter of whether there had been a contract entered into between the parties. In each case dealt with was the effect of the provisions of a contract where it was indisputably established that the minds of the parties had met.

■ It is elementary that parol evidence is not admissible to alter or contradict a written contract in the absence of showing fraud, accident or mistake. It is likewise elementary that, even though such evidence be admitted, it is without probative effect.

■ Delivery of a written contract is ordinarily essential to its legal efficacy as such. Stating the proposition in another way, in order to constitute a writing otherwise sufficient as a contract as such, there must be a delivery thereof by the party sought to be charged thereon. 17 C.J.S., Contracts, p. 414, § 64, and authorities there cited.

■ Parol evidence has long been admitted to establish the non-delivery of a deed. Steffian v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823; Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170. This is true, even though the signed writing be placed in the possession of the other party to the signed draft of the proposed contract. J. I. Case Threshing Mach. Co. v. Street, Tex.Civ.App., 216 S.W. 426; Morris v. Logan, Tex.Civ.App., 273 S.W. 1019; American Slicing Mach. Co. v. Vincent, Tex.Civ.App., 279 S.W. 317; Unique Illustrating Co. v. Withers, Tex.Civ.App., 33 S.W.2d 1074; Guaranty Bank & Trust Co. v. Hamacher, Tex.Civ.App., 112 S.W.2d 343.

■ Delivery of a written instrument is constituted a parting with the possession or custody thereof with the evidenced intention that same become operative. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

■■ We think the evidence is ample to sustain the finding of conditional delivery of this instrument, likewise the pleading. This writing was left with the agent of intervenor after defendants signed same, with instructions not to deliver unless certain facts existed. Defendants, a short time thereafter, left for Arizona to ascertain whether these facts constituting the conditions existed. Their theory was that such facts did not exist. On ample evidence the jury found the nonexistence of the facts.

■ It is true there is a provision in the writing purporting to exclude reliance on the existence of the facts embodied in the alleged conditions as influencing the assent of either party thereto. Like any other provision of the proposed contract, it is not binding until there be a delivery of the writing. In view of this very provision, it was important for the defendants that they assure themselves of the existence of the facts deemed vital.

In our opinion the contentions of plaintiff and intervenor are without merit.

Intervenor has one point of error not relied upon by plaintiff. It asserts that the court erred in not allowing it six separate challenges. The court allowed intervenor and plaintiff six challenges, with the statement that if the two parties could not agree, the six challenges would be apportioned between them by the court. Intervenor and plaintiff exercised the six peremptory challenges allotted to them jointly and without disagreement.

■ The matter of the challenges allowed each party in a civil case is now regulated by Rule 233, R.C.P. This rule is the same as Art. 2148, R.S., which was repealed by the rule. Under the rule and the statute, each party is entitled to six peremptory challenges. The statute has been construed as allowing coparties six peremptory challenges only unless there is a diversity of interest. 26 Tex.Jur. p. 667, par. 101.

■ In this case determinative of the cause of action of both the plaintiff and intervenor was the question as to whether or not the writing constituted a contract between plaintiff and defendants. If it was a contract, plaintiff had established his case, or at least a basic and essential part thereof. If this contract was executed and unconditionally delivered by defendants, intervenor established its asserted cause of action. The interests of each party were identical in this. Neither the plaintiff nor the intervenor sought relief, the one against the other. It is true defendants did, in a general sort of way, pray for judgment over against intervenor in case they were held liable to plaintiff. Defendants alleged no facts legally sufficient as a basis for this relief.

It is contended that the divergency of interests between intervenor and plaintiff appears as to Issue No. 7. Issue No. 7, with the jury's finding, has been heretofore set forth. In our opinion Issue No. 7 is in no way material to the disposition of this controversy. The contested question was whether or not defendants unconditionally delivered the contract to plaintiff Alaga. Intervenor could not derive authority from the plaintiff to deliver the contract on behalf of defendants. In issue was whether or not defendants had unconditionally delivered the contract.

It is to be borne in mind that this contract was entirely executory on each side. In receiving the physical custody thereof from intervenor plaintiff in no way changed his position. It follows from this, that defendants were not estopped to assail this lack of authority on the part of intervenor to unconditionally deliver the contract upon plaintiff signing same.

In our opinion the court did not err in denying the request of six additional peremptory challenges.

The judgment is affirmed.

WALTHALL, J., not participating.