**DOUGLASS v. McLURE.**

No. 6258.

Court of Civil Appeals of Texas. Amarillo.
Dec. 8, 1952.

Rehearing Denied Jan. 12, 1953.

James D. O'Connor, Dallas, for appellant.

Leland M. Johnson and Jackson C. Burroughs, Dallas, for appellee.

PITTS, Chief Justice.

Appellee, J. R. McLure, doing business as McLure's Shop, sued appellant, Mildred M. Douglass, for a debt in the sum of $676.40, together with interest thereon and attorney fees. The case was tried to a jury which, in effect, found appellant liable for the said sum of $676.40 and judgment was accordingly rendered, together with interest thereon and for the sum of $101.46 as attorney fees, from which judgment appellant perfected her appeal to the Court of Civil Appeals at Dallas and the case was transferred to this court by the Supreme Court in equalizing the dockets of the Courts of Civil Appeals of Texas.

Nowhere does appellant attack the jury finding or the amount allowed as attorney fees. She confines her attacks to alleged errors of procedure in the trial court. The principal complaint made on appeal concerns the prices charged by appellee for services rendered and goods furnished by him in doing some repair work for appellant on her apartment house but the prices therefor were definitely set forth in a written memorandum agreement signed by both of the parties.

The legal status of appellant is not definitely shown by the record but no issue is made of the matter. It may be easily assumed from the record, however, that

she was a feme sole. She was referred to as "Miss Douglass" and was called "Miss Douglass" by counsel when she was being examined as a witness. She testified that she had lived in Dallas all her life but did not say how long; that she bought and had owned the apartment house in question since 1935; that she had been practicing law in Dallas for fourteen years; and that she examined the memorandum agreement in question before signing it but did not read it before signing it because she did not then have her glasses.

Appellant owned and occupied the apartment house in question which was located in Dallas. It consisted of fifteen separate apartments. In the fall of 1950 appellant engaged the services of appellee to redecorate and recondition several apartments and to reupholster several items of furniture located therein. Thereafter on December 22, 1950, appellant, as purchaser, executed a written memorandum, naming the items ordered by her, giving the respective prices for each, and showing the respective apartments to be improved. Some of the items were listed under date of October 5, some under date of October 25 and some under date of November 28. The total price of items there ordered amounted to $676.40. At the bottom of the list and above appellant's admitted signature is the following language: "I hereby order the above items and agree to pay the above prices for them * * *." Reference is also there made to the reverse side of the instrument executed which reverse side contains some blank forms making reference to "Terms" but the forms on the reverse side of the same were not filled out and therefore have no bearing on the agreement of the parties. Appellee also signed the written memorandum and "accepted" the order for items listed at the prices therein stated. Appellant admits she is indebted to appellee for the services rendered and the items furnished by him but she challenges the prices charged, and she likewise challenges the procedure permitted by the trial court. She, in fact, made a payment of $50 to appellee on the account by a check but the same was returned to appellee on January 22, 1951, unpaid.

A second check for a like amount was likewise given later on the account but it was not paid.

Appellant charges that the trial court erred in permitting appellee to plead that appellant was the owner of "a multi-unit apartment house" and because appellee was not required to plead all the terms of the contract relied on for recovery. The record reveals that appellee pleaded all of the material elements of the contract upon which he relied for recovery. He was not required to plead immaterial elements therein contained. In examining appellant as a witness, her counsel asked her if she had ever contacted appellee to do repair work on her "multiple unit" apartment house and she replied that she had. We see no material difference in the term "multi-unit" used by appellee in his pleading and the term "multiple unit" used by appellant's counsel in examining her as a witness. Certainly no reversible error is shown by the use of the "multi-unit apartment house" in appellee's pleadings in view of the evidence given by appellant herself.

But, be that as it may, the alleged defects here made, about which appellant complains, must be reached, if at all, by written exceptions or a motion of some nature presented by appellant and brought to the attention of the trial court in a jury case, such as this, before the charge is given to the jury, otherwise the matters complained about are waived by the parties seeking a reversal on such grounds. Rule 90, Texas Rules of Civil Procedure. The provisions of this Rule were not complied with by appellant concerning the alleged defects according to the record before us. Appellant's pleadings reflect exceptions concerning the matters about which she complains but nowhere does the record reveal that appellant specifically pointed them out to the trial court or even brought such to the attention of the trial court for action as required by the Rule cited. Nowhere does the record reveal that the trial court knew about the exceptions or acted upon them. For these reasons appellant has waived her right to complain about her alleged defects.

Appellant complains because the trial court granted permission to appellee on the day before the trial to file a trial amendment and the same was filed on the next day before the trial began. Appellant charges that appellee, in his trial amendment, changed his alleged cause of action from one based upon a verbal agreement to one based upon a written contract. The record does not support appellant's charges here made. In his original petition appellee alleged that appellant "signed a formal contract" and he then recited a portion of the same upon which he relied for recovery. In his trial amendment appellee alleged that, "a written memoranda was signed by Defendant" and he then recited the same portion he had pleaded in his original petition as a basis for recovery. There is no material difference in the two pleadings filed and certainly no basic change was made in his alleged cause of action. In his trial amendment upon which he went to trial, appellee pleaded, in effect, that the original agreement of employment was oral but it was followed by the execution of the written agreement giving the items furnished, together with the price of each, in accordance with the previous oral agreement made between the parties. It is an elementary rule of law that a trial court may, within its discretion, permit the filing of a trial amendment, such as was here filed, prior to the trial or even during the trial if no material changes are made in the alleged cause of action.

Appellant further complains because the trial court refused to permit her to testify what, in her opinion, would be a reasonable price for the items furnished here by appellee and for his services rendered in doing the repair work. In effect, appellant was attempting to vary the terms of the written agreement executed by the parties without attempting to establish fraud, accident or mistake. The items furnished and the price of each were listed in the duly executed written agreement. Appellee sued for recovery of the aggregate sum of the fixed prices agreed upon in writing for the items furnished and his services rendered. Appel-

lant admitted execution of the contract and did not sufficiently plead fraud, accident or mistake or attempt to prove the existence of either. Under the existing circumstances, what appellant might have then believed to be reasonable prices for the items furnished and the services rendered was wholly immaterial and not admissible for any purpose. Appellant was bound by the prices she had previously agreed to in writing. The trial court therefore properly excluded such parol or extrinsic evidence seeking to vary the terms of the valid written agreement listing the prices agreed upon and the aggregate sum thereof. Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, and other authorities there cited. A careful examination of the record reveals no reversible errors. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.