**Dora Torres GARCIA, Appellant,**

v.

**Margarita C. VILLARREAL, Appellee.**

**No. 650.**

Court of Civil Appeals of Texas, Corpus. Christi.

Nov. 24, 1971.

Rehearing Denied Jan. 20, 1972.

Bonilla, Read, Rodriguez, Beckman & Bonilla, Lee Arnett, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Henry Nuss, III, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit for personal injuries alleged to have been received in an automobile accident. Defendant asserted a release as a bar to plaintiff's cause of action. Summary judgment was rendered in favor of the defendant that the plaintiff take nothing based on the release. Plaintiff has appealed.

In March 1969, plaintiff and the defendant were involved in an automobile accident. The plaintiff received personal injuries. At the time of the accident, the plaintiff was an employee of H. A. Ahrens and while acting in the course of her employment was driving an automobile owned by Ahrens. The Ahrens automobile sustained minor damage as a result of the accident.

A short time after the accident a Mr. Harold Jackson, a representative of the Farmers Insurance Group, negotiated a settlement in the amount of $53.06 which was the exact cost of repairs to the automobile. Mr. Jackson was a representative of defendant's liability insurance carrier. Jackson prepared a release and a draft and told Ahrens that both he and Mrs. Garcia (plaintiff) would have to sign the release and draft.

The summary judgment evidence is that Ahrens told the plaintiff that the release was a formality so that Ahrens could receive payment for his property damage to his vehicle. The plaintiff signed the release but refused to endorse the draft. She told Ahrens (at that time) that she was making a claim for her personal injuries which she received in the accident. The subject release was signed by the plaintiff on April 4, 1969.

Ahrens then called Jackson and told him that the plaintiff would not endorse the draft because she was making a claim for her personal injuries which she had received in the accident. Ahrens then returned the draft and the release to Jackson. He asked Jackson to make a new draft in the amount of $53.06 payable to H. A. Ahrens, individually. At first Jackson refused to do this.

Affidavits filed in response to the motion for summary judgment show that several months after Ahrens returned the draft and release to Jackson he contacted the Texas Insurance Commission and put pressure upon the Farmers Insurance Group to issue a new draft payable to him individually in the amount of $53.06 (the amount of damage to his vehicle). Thereafter, on November 18, 1969, Farmers Insurance Group issued a new draft payable to Ahrens individually in the amount of $53.06. Ahrens endorsed this draft and cashed it.

Plaintiff's supplemental affidavit stated that no representative of Farmers Insurance Group was present at the time the release was signed or at the time that plaintiff refused to endorse the draft. Plaintiff stated that she has never had any conversation with any representative of Farmers Insurance Group or with the defendant. She stated that she has never requested that the $53.06, recited as consideration in the release, be paid to Mr. Ahrens, nor has she ever authorized any person to

make payment of this amount to Ahrens. She stated that she has never received any consideration or any money whatsoever in connection with the release and no one has ever offered to pay her any money or any other consideration in connection with the release. She stated that she was driving Ahrens' vehicle in the course of her employment at the time of the accident. She stated that Ahrens never suggested that she was responsible for the damages to his vehicle nor has he ever asked the plaintiff to pay for any damages to his car as a result of the accident.

The court in granting the summary judgment, for the defendant found that the release ". . . was signed by Plaintiff for valuable consideration, to-wit: A detriment to the Defendant in the amount of $53.06 which Defendant paid to H. A. Ahrens in reliance upon said Release, and a benefit to Plaintiff in paying Plaintiff's obligation to H. A. Ahrens as bailee, either of which constitute valuable consideration for said Release as a matter of law, . . ."

■ The question here on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The summary judgment granted by the trial court should be affirmed only if the summary judgment record establishes a right thereto on behalf of the defendant as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). The burden of proof is on the movant and all doubts as to existence of a genuine issue as to material fact are resolved against him. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. Sup.1965).

The summary judgment was granted on the basis of the release admittedly signed by the plaintiff. We must therefore determine whether the summary judgment evidence establishes as a matter of law that there is no genuine issue as to one or more of the essential elements that makes up the validity of the release. Appellant attacks the summary judgment on six grounds.

They contend that the summary judgment does not conclusively establish (1) the validity of the release, (2) the offer and acceptance, (3) the communication of the assent, (4) the delivery of the release, (5) the existence of a consideration, and (6) that the consideration for the release did not fail.

■ The release as such is a contract. It is elementary law that there must be an offer and acceptance and the offer must be accepted in strict compliance with its terms. There must be a meeting of the minds and a communication that each party has consented to the terms of the agreement. Of course, consideration is a fundamental element of every valid contract. It can consist of a benefit to the promissor or a loss or detriment to the promisee. Before the written contract becomes binding on the parties thereto, it must be executed and delivered with the intention that it shall become binding. See 50 Tex.Jur.2d, Release, §§ 1–7, pp. 3–11; 13 Tex.Jur.2d, Contracts, §§ 13, 15, 16, 40, 41, 71, 72.

■ There is no evidence that the release was ever delivered. The evidence shows that plaintiff signed the release and that Ahrens returned the draft and the release to the insurance company with the statement that plaintiff was asserting a claim for personal injuries. There is no evidence that the delivery of the release was ever made to anyone on behalf of the plaintiff. The only evidence in this regard is that it got into the hands of the insurance company with the stated intention that it was not to be effective. The delivery of an instrument means parting with the possession or custody thereof with the evidenced intention that it becomes operative. 17 C.J.S. Contracts § 64, p. 738 et seq.; Alaga v. Stubblefield, 174 S.W.2d 627 (Tex.Civ. App.—El Paso 1943). The summary judgment evidence clearly indicates that the plaintiff informed Ahrens that she was

refusing to endorse the draft because she was asserting a claim for personal injuries. The reasonable inference to be gained by the entire transaction was that plaintiff signed the release as accommodation to her employer without any benefit flowing directly or indirectly to her. Her refusal to sign the draft and her refusal to be a party to the release was communicated to the insurance company before the release ever came into the hands of the insurance company. Ahrens told the agent of her refusal when he asked the company to send him another draft.

■ The appellee contends that plaintiff is not entitled to a reversal because it was incumbent upon her to "both plead and prove, by admissible evidence, facts which would establish the invalidity of the release." Appellee argues that there were no pleadings to support the position taken on appeal that the release was never delivered or that her assent was communicated to defendant. Where the affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law. Here the facts appear in affidavits opposing the motion for summary judgment. They would justify an amendment to the plaintiff's pleadings. The fact that these matters have not been pled cannot be the reason for the granting of a summary judgment. The Supreme Court said in Womack v. Allstate Insurance Company, 156 Tex. 467, 473, 296 S.W.2d 233, 237 (1956):

". . . We hold, therefore, that when the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party."

See also Dudley v. Lawler, 468 S.W.2d 160 (Tex.Civ.App.—Waco 1971); Maddox v. Oldham Little Church Foundation, 411 S.W.2d 375 (Tex.Civ.App.—Tyler 1967). The Supreme Court recently reduced the emphasis of the pleadings in summary judgment cases when it held that pleadings, even if sworn to, could not be regarded as summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971).

■ It is axiomatic that the burden is on the movant to establish that there is no genuine issue as to a material fact in a summary judgment proceeding. We believe that it is beyond dispute that a movant for summary judgment must meet this burden even though the burden of proving or disproving the existence of some facts in question ultimately would be the task of the opposite party at the trial of the case. Cheatwood v. Jackson, 442 S.W.2d 789 (Tex.Civ.App.—Houston 14th Dist.1969). See also Torres v. Western Casualty and Surety Co., 457 S.W.2d 50 (Tex.Sup.1970).

■ We hold that the summary judgment evidence, when viewed in a light of the rules relative to the treatment of such evidence, raises disputed issues of material fact that should be submitted to a jury for determination.

The judgment of the trial court is reversed and the cause remanded for trial.

SHARPE, J., not participating.