

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00332-CV

ATLAS PROPS, INC.  
F/K/A AR BLAKE, INC.

APPELLANT

V.

REPUBLIC WASTE SERVICES OF  
TEXAS, LTD. D/B/A ALLIED WASTE  
SERVICES

APPELLEE

----------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Atlas Props, Inc. appeals the trial court's summary judgment in favor of Appellee Republic Waste Services of Texas, Ltd. d/b/a Allied Waste Services (Allied Waste). We affirm.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts

In September 2009, Atlas purchased the Historic Electric Building, a residential center in Fort Worth, Texas. Atlas's President, Adam Blake, contacted the previous owner's trash services provider, Allied Waste, to discuss continuing their trash services for the building. On September 14, 2009, Blake met with Noel Clark, an account representative for Allied Waste, and expressed his concerns about Allied Waste's pricing being too expensive. Blake stated in his sworn affidavit that Clark told him the contract had to be signed in order for Allied Waste to continue providing service. Blake testified that he agreed to sign on the condition that the contract be month-to-month so that pricing could be renegotiated "shortly thereafter." Clark gave Blake a contract that listed the basic monthly rate as $592.72 and the term as thirty-six months. Blake signed the contract.

Blake waited eight months before meeting again with Clark in May 2010 to discuss Allied Waste's pricing, but Clark refused to reduce the price. Atlas terminated its agreement with Allied Waste and began using a different company for its trash service. After Allied Waste's payment demands were unsuccessful, Allied Waste filed suit against Atlas for breach of contract.

Allied Waste then moved for summary judgment. Atlas responded, raising affirmative defenses of duress and fraudulent inducement. The trial court granted Allied Waste's motion for summary judgment. This appeal followed.

## Discussion

In its sole issue on appeal, Atlas argues that the trial court erred by granting summary judgment for Allied Waste because Atlas's affirmative defense of fraudulent inducement raises a fact issue as to the terms of the contract.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). If the nonmovant relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

To establish fraudulent inducement as an affirmative defense to a breach of contract claim, the party asserting fraudulent inducement must prove that (1) there was a material representation made that was false; (2) the party who made the representation knew that it was false or made it recklessly as a positive

3

assertion without any knowledge of its truth; (3) the party making the representation intended to induce action upon the representation; and (4) the representation was actually and justifiably relied upon, thereby causing injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). The issue of justifiable reliance is usually a question of fact. *1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Capital*, 192 S.W.3d 20, 30 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). However, a party cannot justifiably rely on oral statements that are directly contradicted by the express, unambiguous terms of the written agreement as a matter of law. *DRC Parts & Accessories, L.L.C., v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc) (op. on reh'g) (noting that a party who enters into a written contract while relying on a contrary oral argument has "entered into the written contract with an intent not to perform it").

Atlas contends that it relied on Clark's alleged oral agreement with Blake that the contract would be month-to-month. However, the front side of the agreement Blake signed states, "**TERM**: THE INITIAL TERM OF THIS AGREEMENT SHALL START ON THE DATE OF THIS AGREEMENT AND CONTINUE FOR 36 MONTHS THEREAFTER." This is a clear, unambiguous term. Thus, Atlas could not have justifiably relied on an oral representation that the term was for anything other than thirty-six months. *See id.*

Atlas argues that *DRC Parts* contradicts the supreme court's rejection of a bright line rule barring parol evidence in all cases of fraudulent inducement. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997) (holding that a disclaimer of reliance or merger clause will not always bar a fraudulent inducement claim). *Schlumberger*, however, also reaffirmed that certain contractual language *can* bar fraudulent inducement claims as a matter of law. *See id.* at 179 ("Although recognizing that 'fraud vitiates a contract,' we concluded that the fraud must be something more than merely oral representations that conflict with the terms of the written contract.") (citing *Distribs. Inv. Co. v. Patton*, 130 Tex. 449, 452, 110 S.W.2d 47, 48 (1937)). Thus, we, like many of our sister courts, do not believe that *DRC Parts* runs afoul of supreme court precedent. *See, e.g., Rinard v. Bank of Am.*, 349 S.W.3d 148, 153 (Tex. App.—El Paso 2011, no pet.); *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165 (Tex. App.—Eastland 2010, pet. denied); *Taft v. Sherman*, 301 S.W.3d 452, 458 (Tex. App.—Amarillo 2009, no pet.); *Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 258 (Tex. App.—Corpus Christi 2006, pet. denied).

Because Atlas could not have relied on Clark's alleged fraudulent statements as a matter of law because they directly contradict the express and unambiguous terms of the contract, and because Atlas does not argue that

another genuine issue of material fact exists,[2] the trial court did not err by granting summary judgment in favor of Allied Waste.  We overrule Atlas's sole issue.[3]

## Conclusion

Having overruled Atlas's sole issue, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  February 23, 2012

---

[2]Atlas argued economic duress as an affirmative defense in its response to Allied Waste's motion for summary judgment, but it did not address duress on appeal.

[3]Because we hold that Atlas cannot sustain its fraudulent inducement defense as a matter of law, we do not need to address its arguments regarding the validity of the contract's merger clause.  *See* Tex. R. App. P. 47.1.