02-11-332-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00332-CV

 

 


 
 
 Atlas Props, Inc.
 f/k/a AR Blake, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Republic Waste Services of Texas, Ltd. d/b/a Allied
 Waste Services
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 342nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Atlas Props, Inc. appeals the trial court’s summary judgment in favor of
Appellee Republic Waste Services of Texas, Ltd. d/b/a Allied Waste Services
(Allied Waste).  We affirm.

Background
Facts

          In
September 2009, Atlas purchased the Historic Electric Building, a residential
center in Fort Worth, Texas.  Atlas’s President, Adam Blake, contacted the
previous owner’s trash services provider, Allied Waste, to discuss continuing
their trash services for the building.  On September 14, 2009, Blake met with
Noel Clark, an account representative for Allied Waste, and expressed his concerns
about Allied Waste’s pricing being too expensive.  Blake stated in his sworn
affidavit that Clark told him the contract had to be signed in order for Allied
Waste to continue providing service.  Blake testified that he agreed to sign on
the condition that the contract be month-to-month so that pricing could be renegotiated
“shortly thereafter.”  Clark gave Blake a contract that listed the basic
monthly rate as $592.72 and the term as thirty-six months.  Blake signed the
contract.

          Blake
waited eight months before meeting again with Clark in May 2010 to discuss
Allied Waste’s pricing, but Clark refused to reduce the price.  Atlas terminated
its agreement with Allied Waste and began using a different company for its
trash service.  After Allied Waste’s payment demands were unsuccessful, Allied
Waste filed suit against Atlas for breach of contract.

Allied
Waste then moved for summary judgment.  Atlas responded, raising affirmative
defenses of duress and fraudulent inducement.  The trial court granted Allied
Waste’s motion for summary judgment.  This appeal followed.

Discussion

          In
its sole issue on appeal, Atlas argues that the trial court erred by granting summary
judgment for Allied Waste because Atlas’s affirmative defense of fraudulent
inducement raises a fact issue as to the terms of the contract.

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled
to summary judgment on a cause of action if it conclusively proves all
essential elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  If the nonmovant relies on
an affirmative defense, he must come forward with summary judgment evidence
sufficient to raise an issue of fact on each element of the defense to avoid
summary judgment.  Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex.
1984).

          To
establish fraudulent inducement as an affirmative defense to a breach of
contract claim, the party asserting fraudulent inducement must prove that (1)
there was a material representation made that was false; (2) the party who made
the representation knew that it was false or made it recklessly as a positive
assertion without any knowledge of its truth; (3) the party making the
representation intended to induce action upon the representation; and (4) the
representation was actually and justifiably relied upon, thereby causing injury.
 Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573,
577 (Tex. 2001).  The issue of justifiable reliance is usually a question of
fact.  1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Capital,
192 S.W.3d 20, 30 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  However,
a party cannot justifiably rely on oral statements that are directly
contradicted by the express, unambiguous terms of the written agreement as a
matter of law.  DRC Parts & Accessories, L.L.C., v. VM Motori, S.P.A.,
112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied) (en banc) (op. on reh’g) (noting that a party who enters into a written
contract while relying on a contrary oral argument has “entered into the
written contract with an intent not to perform it”).

          Atlas
contends that it relied on Clark’s alleged oral agreement with Blake that the
contract would be month-to-month.  However, the front side of the agreement
Blake signed states, “TERM:  THE INITIAL TERM OF THIS AGREEMENT SHALL
START ON THE DATE OF THIS AGREEMENT AND CONTINUE FOR 36 MONTHS THEREAFTER.” 
This is a clear, unambiguous term.  Thus, Atlas could not have justifiably
relied on an oral representation that the term was for anything other than
thirty-six months.  See id.

Atlas
argues that DRC Parts contradicts the supreme court’s rejection of a
bright line rule barring parol evidence in all cases of fraudulent inducement.  See
Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 179 (Tex. 1997) (holding
that a disclaimer of reliance or merger clause will not always bar a fraudulent
inducement claim).  Schlumberger, however, also reaffirmed that certain
contractual language can bar fraudulent inducement claims as a matter of
law.  See id. at 179 (“Although recognizing that ‘fraud vitiates a
contract,’ we concluded that the fraud must be something more than merely oral
representations that conflict with the terms of the written contract.”) (citing
Distribs. Inv. Co. v. Patton, 130 Tex. 449, 452, 110 S.W.2d 47, 48
(1937)).  Thus, we, like many of our sister courts, do not believe that DRC
Parts runs afoul of supreme court precedent.  See, e.g., Rinard
v. Bank of Am., 349 S.W.3d 148, 153 (Tex. App.—El Paso 2011, no pet.); Athey
v. Mortg. Elec. Registration Sys., Inc., 314 S.W.3d 161, 165 (Tex. App.—Eastland
2010, pet. denied); Taft v. Sherman, 301 S.W.3d 452, 458 (Tex. App.—Amarillo
2009, no pet.); Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.,
202 S.W.3d 250, 258 (Tex. App.—Corpus Christi 2006, pet. denied).

Because
Atlas could not have relied on Clark’s alleged fraudulent statements as a
matter of law because they directly contradict the express and unambiguous
terms of the contract, and because Atlas does not argue that another genuine
issue of material fact exists,[2] the trial court did not
err by granting summary judgment in favor of Allied Waste.  We overrule Atlas’s
sole issue.[3]

Conclusion

          Having
overruled Atlas’s sole issue, we affirm the judgment of the trial court.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  February 23,
2012









[1]See Tex. R. App. P. 47.4.





[2]Atlas argued economic
duress as an affirmative defense in its response to Allied Waste’s motion for
summary judgment, but it did not address duress on appeal.





[3]Because we hold that Atlas
cannot sustain its fraudulent inducement defense as a matter of law, we do not
need to address its arguments regarding the validity of the contract’s merger
clause.  See Tex. R. App. P. 47.1.